## Mercer Estate.

496

Argued November 29, 1960.  Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and Eagen, JJ.

*George Craven,* with him *Kenneth W. Gemmill, Henry M. Koch,* and *Barnes, Dechert, Price, Myers and Rhoads,* and *McGavin, DeSantis & Koch,* for appellants.

*Ralph S. Snyder,* Deputy Attorney General, with him *John D. Rively,* Assistant Attorney General, and *Anne X. Alpern,* Attorney General, for Commonwealth, appellee.

Opinion by Mr. Justice Cohen, January 4, 1961:

Appellants, executors of the Estate of Mary Whitner Mercer, complain of a decree of the Orphans' Court of Berks County which dismissed their appeal from the transfer inheritance tax appraisement of 3% noncumulative second preferred stock belonging to the decedent at its par value of $100 a share.

The Act of June 20, 1919, P. L. 521, as amended, 72 PS §2301 et seq., imposes an inheritance tax upon the transfer of property by will and provides "All taxes imposed by this Act shall be imposed upon the clear value of the property subject to the tax. . . ."

Appellants contend that the value of the 3% noncumulative second preferred stock of this closely held corporation, for the purpose of imposing the Pennsylvania Transfer Inheritance Tax, is the market value of the stock. At the trial they produced three witnesses with substantial background in financial matters who testified that, in their opinions, the value of the stock was approximately 25% to 40% less than the value determined by the Commonwealth.

The Commonwealth's testimony pointed out that in 1955 in a recapitalization of the common stock there was issued $700,000 worth of 3% noncumulative second preferred non-voting stock with a par value of $100 a share. That this recapitalization replaced the equity which the common shareholders had in the capital and surplus of the company and, along with the redistribution of the 6% noncumulative first preferred and the new common stock of the company, represented a reallocation of the capital and surplus of the company.

Further, the Commonwealth's testimony showed that 4,142 shares of 6% preferred stock at $100 par, and 7,000 shares of the aforementioned 3% noncumulative second preferred stock were issued, but that only 100 shares of common stock were issued; that the corporation had assets on January 31, 1958 of over $2,-052,774.47 and liabilities as of the same date of only $278,362.49; that the average earnings five years prior to the date of decedent's death were $117,243.51, and that there was no funded debt, no mortgages and a long history of total earnings sufficient to pay all dividend requirements.

Decedent died in 1958 and nothing had occurred prior to his death that in any way detracted from or diminished the value of the 3% noncumulative stock since the recapitalization. While it is true that a prospective investor, especially one acting under the advice of investment counsel, might not be willing to purchase this stock, and while it might be equally true that the highest price that could be obtained by the appellants for this stock on the open market would be substantially below the value determined by the Commonwealth, nevertheless, since this 3% stock clearly represents an allocation of value attributed to it and allocated to it by the corporation itself, it cannot be now said that the corporation's valuation must be disregarded by the court. The court, in a situation such as this, where there is no ready market for the stock of a closely held corporation, cannot be said to be in error when it gives great weight to the value so recently placed upon the shares of stock by the corporate management.

Since the determination of "clear value" for inheritance tax purposes is a factual question, *McLure Appeal,* 347 Pa. 481, 32 A. 2d 885 (1943), the only question before this Court is whether the finding of the lower court is supported by competent evidence. *Moffett Estate,* 369 Pa. 159, 85 A. 2d 109 (1952). In light of the facts as set forth, there can be little doubt that the court below was fully justified in adopting the Commonwealth's assessment.

Decree affirmed.

Mr. Justice BELL dissents.